**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IMPEX ENTERPRISES LIMITED,

        Plaintiff-Appellant,

  v.

SONY PICTURES WORLDWIDE
ACQUISITIONS, INC.,

        Defendant-Appellee.

No.   18-55150

D.C. No.
2:17-cv-01044-SJO-SK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted September 11, 2019
Pasadena, California

Before: OWENS, R. NELSON, and MILLER, Circuit Judges.

Impex Enterprises Limited (Impex) appeals the district court's summary judgment in favor of Defendant-Appellee Sony Pictures Worldwide Acquisitions, Inc. (Sony) on Impex's diversity action alleging breach of contract. Reviewing de novo, *Pauma Band of Luiseno Mission Indians of the Pauma & Yuima Reservation v. California*, 813 F.3d 1155, 1163 (9th Cir. 2015), we affirm.

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Impex and Sony offer two differing interpretations of their Interparty Agreement (IPA). The principles governing construction of contracts are well settled under California law. *Starlight Ridge S. Homeowners Ass'n v. Hunter-Bloor*, 177 Cal. App. 4th 440, 447 (2009). We must interpret the contract to "give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." *Id.* § 1639. The language of a contract governs its interpretation if it is clear, explicit, and does not involve an absurdity. *Id.* § 1638.

Paragraph 3.1.1 of the IPA expressly sets forth two conditions precedent to Sony's obligation to pay: (1) delivery of the film and (2) a Qualifying U.S. Theatrical Release of the film. Undisputedly, the first condition occurred and the second did not. Accordingly, Sony's payment obligation never arose.

Impex argues that other provisions of the IPA demonstrate that payment is conditioned solely on delivery. Although provisions in paragraph 9 suggest delivery is the sole condition precedent, we cannot interpret provisions in isolation. *Starlight*, 177 Cal. App. 4th at 447. Impex's proffered reading ignores the particular and specific provision directly addressing payment, which is paramount to the more general paragraphs addressing arbitration procedures for determining whether delivery occurred. *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal. App. 4th

2

809, 833–34 (2007).

Additionally, to the extent paragraphs 9 and 3.1.1 are inconsistent, they can be reconciled.  Cal. Civ. Code § 1652.  The provisions in paragraph 9, which appear to require payment upon delivery, all state that Sony "shall pay . . . as provided in paragraph 3 above . . . ."  These references to paragraph 3 can be read to incorporate both conditions in paragraph 3.1.1.  *See Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 868 (1965).  Doing so gives effect to both provisions.  Cal. Civ. Code § 1641.

**AFFIRMED.**